Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Email: Alexmashiri@yahoo.com
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
AMANDA M. COUGHENOUR

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA M. COUGHENOUR,<br><br>Plaintiff,<br><br>vs.<br><br>CAVALRY SPV I LLC.; WINN LAW GROUP APC.<br><br>Defendants. | Case No. **'16CV2756 BAS WVG**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**[DEMAND FOR JURY TRIAL]** |

Plaintiff AMANDA M. COUGHENOUR alleges as follows:

## INTRODUCTION

1.  Plaintiff, AMANDA M. COUGHENOUR (hereinafter referred to as "Plaintiff"), brings this lawsuit against Defendants CAVALRY SPV I LLC. ("CAVALRY") and WINN LAW GROUP, APC. ("WINN") (hereinafter collectively referred to as "Defendant") for violations of the Telephone Consumer Protection Act ("TCPA").

## PARTIES

2. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3. Plaintiff is a "person" as the term is defined under the TCPA.

4. Plaintiff is informed and believes that Defendant CAVALRY is and at all times mentioned herein was a corporation, who was conducting and engaging in business in the County of San Diego, California.

5. Plaintiff is informed and believes that Defendant WINN is and at all times mentioned herein was a law firm, who was conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This court also has jurisdiction under 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

8. This action arises out of Defendants' violations of the TCPA, and Rosenthal FDCPA. Because Defendants do business within the State of California, county of San Diego, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

10. Upon information and belief, each Defendant, is generally engaged in the debt collection business and conducts debt collection activities within California, including the County of San Diego.

11. Upon information and belief, each Defendant, is generally engaged in the debt collection business and conducts debt collection activities.

12. Upon information and belief, Defendant CAVALRY began making collection calls to Plaintiff's cellular telephone sometime in or before January 2016. Defendant WINN started to place collection calls on Plaintiff's cellular telephone sometime thereafter. The exact date these collection calls began are currently unknown and discovery is required to obtain the exact dates.

13. Defendants placed calls to Plaintiff's cellular telephone at phone number ending in "4444."

14. Defendant CAVALRY placed calls to Plaintiff's cellular telephone using telephone number including but not limited to: (800) 861-4840 and (888) 229-6009.

15. Defendant WINN placed calls to Plaintiff's cellular telephone using telephone number including but not limited to: (714) 446-6686.

16. Per its business practices, each of Defendants' calls were placed using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and/or with an artificial or prerecorded voice, as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. At no time did Plaintiff consent, express or implied, to receive such collection calls from Defendants on her cellular telephone.

18. Through the unsolicited telephone calls, Defendants contacted Plaintiff's cellular telephone for debt collection purposes via an ATDS and/or artificial or pre-recorded voice as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

19. Upon information and belief, the ATDS used by Defendants to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Defendants' telephone calls were <u>not</u> for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff did <u>not</u> provide Defendants or its agent with prior express or implied consent to receive telephone calls on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

22. These unsolicited telephone calls and/or collection calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

23. On numerous occasions Defendant would call Plaintiff's cellular

telephone but then hang up without leaving a message identifying themselves.

24. Upon information and believe, Defendants placed approximately 100 telephone calls to Plaintiff's cellular phone via an "automatic telephone dialing system" as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A). The exact amount of telephone calls Defendants placed to Plaintiff's cellular telephone are unknown at this time and subject to discovery.

25. Defendants' telephone calls to Plaintiff's cellular telephone caused Plaintiff stress, annoyance, and anxiety, especially because these calls were placed on her cellular telephone.

26. By repeatedly and excessively calling her cellular telephone without prior express consent, Defendants invaded Plaintiff's right to privacy.

## FIRST CAUSE OF ACTION
**(Negligent Violations of the TCPA against all Defendants)**

27. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

28. The forgoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq*.

29. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which

is to be proven at trial.

30. As a result of Defendants' negligent violations of 47 U.S.C. section 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

31. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
**(Knowing and/or Willful Violations of the TCPA against all Defendants)**

32. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

33. The forgoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq.*

34. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

35. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 *et seq.*, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

36. Plaintiff is also entitled to and seek injunctive relief prohibiting such

conduct in the future.

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1.     For actual damages;

2.     For statutory damages;

3.     For injunctive relief prohibiting such conduct in the future;

4.     For interest according to law;

5.     For costs of suit herein incurred; and

6.     For other and further relief as the court may deem proper.

DATED:   November 8, 2016           **MASHIRI LAW FIRM**
                                              A Professional Corporation

                                              By: /s/Alex Asil Mashiri
                                              Alex Asil Mashiri
                                              Attorney for Plaintiff,
                                              AMANDA M. COUGHENOUR

MASHIRI LAW FIRM
A Professional Corporation
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939